UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY ROACH,

    Petitioner,

v.

BONITA HOFFNER,

    Respondent.

_____/

Case No. 1:13-cv-42

HON. JANET T. NEFF

**OPINION AND ORDER**

This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R) recommending that this Court deny the petition. The matter is presently before the Court on Petitioner's objections to the R & R. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the R & R to which objections have been made. The Court denies the objections and issues this Opinion and Order. The Court will also issue a Judgment in this § 2254 proceeding. *See Gillis v. United States*, 729 F.3d 641, 643 (6th Cir. 2013) (requiring a separate judgment in habeas proceedings).

Petitioner was convicted in a jury trial of armed robbery (R & R, Dkt 53 at 5). The trial court sentenced Petitioner, as a habitual felon, to a term of fifteen to thirty years in prison for his conviction (*id.*). In response to the Magistrate Judge's R & R, Petitioner enumerates six primary objections: I. Identification Testimony (Habeas Claim I); II. Request for New Counsel (Habeas Claim II); III. Ineffective Assistance of Counsel (Habeas Claim III); IV. Prosecutorial Misconduct

(Habeas Claim IV); V. Ex Parte Contact (Habeas Claim V); and VI. Voir Dire (Habeas Claim VI).

**I. Objections Reiterating Petition**

As a threshold matter, Petitioner appears to generally take issue with the Magistrate Judge's conclusions regarding his Habeas Claims II, III, V, and VI. For example, in Objection II, Petitioner asserts that a sufficient breakdown in the attorney-client relationship existed between himself and his appointed counsel, Kenneth E. Marks, and reasons that the court should have granted his request for substitute counsel. (Pet'r Obj., Dkt 56 at 10-11). He further argues that as a result of the breakdown, Kenneth E. Marks was ineffective counsel regarding "crucial/critical pre-trial and trial/guilt stages." (Pet'r Obj., Dkt 56 at 17). Petitioner also contends that the prosecution had impermissible ex parte contact with the jury (Pet'r Obj., Dkt 56 at 21-22) and that one juror was never questioned during voir dire about her prejudices or biases against Petitioner (Pet'r Obj., Dkt 56 at 23-24). However, Petitioner's objections essentially reiterate the same arguments he presented in his petition. Petitioner's objections fail to demonstrate any factual or legal error in the Magistrate Judge's analysis, only Petitioner's dissatisfaction with, and general objection to, the Magistrate Judge's recommendation. *See* W.D. Mich. LCivR 72.3(b) (requiring an objecting party to "specifically identify the portions of the proposed finding, recommendations or report to which objections are made and the basis for such objections"). Therefore, Petitioner's arguments fail. The Magistrate Judge properly denied these issues for failing to state claims upon which habeas relief may be granted.

**II. New Issues Raised**

In addition to the above objections, Petitioner also objects to the Magistrate Judge's conclusions regarding Habeas Claims I and IV. (Pet'r Obj., Dkt 56 at 2, 19-20). To the extent that

Petitioner reiterates the arguments he raised in his petition, those arguments fail because the Magistrate Judge properly considered and rejected those arguments, as discussed above. As to the remainder of Petitioner's objections regarding Habeas Claims I and IV, Petitioner raises some slightly modified and essentially new arguments.

In his petition, Petitioner presented his Habeas Claim I, concerning the lay opinion testimony that was presented during his trial. Petitioner argued that "he was unable to effectively cross-examine the law enforcement witness without exposing past convictions, criminal history, thus resulting in a violation of the right to confront." (Pet'r Obj., Dkt 56 at 2). Petitioner now makes a new assertion that lay opinion testimony should not have been admitted during his trial because the surveillance photographs were "in color and crystal clear, thus not meeting the basis for which a lay witness opinion is more likely to identify the Petitioner from the photos than the jury."[1] (Pet'r Obj., Dkt 56 at 4-5). Likewise, Petitioner objects regarding Habeas Claim IV that the Magistrate Judge erred in finding that an inaccurate statement made by the prosecutor did not deprive Petitioner of a fair trial. Petitioner argued that the "prosecution did misstate evidence during closing" when he said "[y]ou've had people who have met him 40, 50, 60 times." (Pet'r Obj., Dkt 56 at 19). Petitioner now asserts in particular that "the record [does not] reflect [] that the prosecution, in rebuttal, amended his comments accurately, because he failed to correct the number of contacts with Mr. Faulk, thus still misleading the jury and bolstering Mr. Faulk's testimony . . ., resulting in[] prosecution misconduct denying a fair trial." (Pet'r Obj., Dkt 56 at 19-20).

---

[1] Petitioner objects that the Magistrate Judge erred in finding his constitutional claims procedurally barred for lack of exhaustion. Petitioner's objections fail to show that these claims were properly exhausted. In any event, the Magistrate Judge addressed these claims and concluded that they failed on the merits.

3

Petitioner's new arguments are deemed waived because he did not present these issues before the Magistrate Judge. "While the Magistrate Judge Act, 28 U.S.C. § 631 *et seq.*, permits de novo review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate." *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000). "[I]ssues raised for the first time in objections to magistrate judge's report and recommendation are deemed waived." *United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998) (citing *Marshall v. Chater*, 75 F.3d 1421, 1426-27 (10th Cir. 1996)). Petitioner has not shown any compelling reason to belatedly raise these new arguments; these objections are denied.

Even if these arguments were not deemed waived, the objections are without merit because they are unsupported by the record. With regard to Petitioner's first argument that the photographs are "in color and crystal clear," this argument is nothing more than a bare assertion wholly unsupported by the record. (*See* Pet'r Obj., Dkt 56 at 4). The surveillance photographs contained in the record do not bear out Petitioner's assertion that they are "in color and crystal clear." (*See*, e.g., Dkt 27, Att. 1, Surveillance Photo Exs.). Moreover, the Magistrate Judge noted additionally that the assailant was wearing a cap and hooded sweatshirt which shielded a portion of his head and neck (R & R, Dkt 53 at 13). Petitioner's argument concerning the clarity of the photographs is without merit. Petitioner's objection fails to demonstrate any factual or legal error in the Magistrate Judge's analysis concerning the claims he raised in his habeas petition. *See* W.D. Mich. LCivR 72.3(b).

Contrary to Petitioner's second assertion that the prosecutor did not correct his inaccurate statement, the statement was corrected during rebuttal closing argument, and Petitioner points to no

4

remaining inaccuracy. The prosecution's summary of the number of times witnesses had identified Petitioner accurately reflects the witnesses' trial testimony. (*See* 8/21/09 Trial Transcript at 62). Thus, the Magistrate Judge properly denied Petitioner's petition for failing to state claims upon which habeas relief may be granted.

### III. Certificate of Appealability

Having determined Petitioner's objections lack merit, the Court must further determine pursuant to 28 U.S.C. § 2253(c) whether to grant a certificate of appealability as to the issues raised. *See* RULES GOVERNING § 2254 CASES, Rule 11 (requiring the district court to "issue or deny a certificate of appealability when it enters a final order"). The Court must review the issues individually. *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack,* 529 U.S. at 484. Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Upon review, this Court finds that reasonable jurists would not find the Court's procedural ruling debatable as to each issue asserted. To the extent that the Magistrate Judge denied Petitioner's claims on procedural grounds, such as the lack of exhaustion, this Court finds that reasonable jurists would not find the Court's procedural ruling debatable.

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack,* 529 U.S. at 484. Upon review, this Court finds that reasonable jurists would not find the Court's assessment of Petitioner's claims debatable or wrong. A certificate of appealability will therefore be denied.

Accordingly:

**THEREFORE, IT IS ORDERED** that the Objections (Dkt 56) are DENIED and the Report and Recommendation of the Magistrate Judge (Dkt 53) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the petition for habeas corpus relief (Dkt 1) is DENIED for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that a certificate of appealability pursuant to 28 U.S.C. § 2253(c) is DENIED as to each issue asserted.


Dated: February  2 , 2016              /s/ Janet T. Neff
                                       JANET T. NEFF
                                       United States District Judge